ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| FRANCISCO ORSINI MALDONADO<br><br>Recurrido<br><br><br>V.<br><br><br>MERCEDES JENOURI MALDONADO<br><br>Peticionaria | TA2025CE00741 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón<br><br>Caso Núm.: GB2024RF00098<br><br>SOBRE:<br><br>Declaración de Incapacidad y Designación de Tutor y Otros |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

**Brignoni Mártir, Juez Ponente**

### S E N T E N C I A

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Comparece ante nos, Mercedes Jenouri Maldonado, (en adelante, "la peticionaria"). A los fines de que dejemos sin efecto la *"Orden"* emitida el 3 de noviembre de 2025 y notificada el 4 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante esta, el foro primario declaró *No Ha Lugar* el *"Urgente Aviso al Tribunal Demostrando con Hechos la Incapacidad del Peticionario para Acreditarse la Tutoría Legal de la Presunta Incapaz y Reiterando la Desestimación con Perjuicio de la Petición."* Todo, dentro de un pleito civil en materia de familia, instado por Francisco Orsini Maldonado (en lo sucesivo, "el recurrido").

Por los fundamentos que expondremos a continuación, se *expide* el auto de *certiorari* presentado y con ello se *confirma* la *"Orden"* recurrida.

### I.

A continuación, reseñaremos el relato procesal atinente al asunto que se nos solicita revisar.

El 21 de noviembre de 2024, el recurrido presentó una *"Petición"* ante el foro primario. A través de esta, entabló las siguientes causas de acción: Solicitó que su madre, Mercedes Maldonado Collazo, ("señora Maldonado") sea declarada incapaz; que se designe un defensor judicial para la referida señora; y que se le nombrara tutor de su madre. Además, peticionó el nombramiento de un ejecutor y administrador de herencia. A su vez, solicitó que el tribunal realice la partición y adjudicación de la herencia del causante Edgardo Troche Rodríguez ("señor Troche"), quien fue el cónyuge de la señora Maldonado. En la reclamación incoada, incluyó como parte demandada a la peticionaria, quien es su hermana y también hija y apoderada de la señora Maldonado.

Así las cosas, el 17 de marzo de 2025, el foro primario hizo anotación de rebeldía en contra de la peticionaria por no presentar en tiempo una alegación responsiva.

Posteriormente, la peticionaria, por derecho propio, presentó el 20 de marzo de 2025, *"Contestación a Petición."* En suma, negó los planteamientos principales de las acciones instadas. Sostuvo en la afirmativa que la señora Maldonado tiene capacidad para consentir. A su vez, se posicionó en contra de que se nombre un defensor judicial y un tutor para su madre. De igual modo, expresó su negativa a la solicitud de nombramiento de un ejecutor y administrador de herencia, por estar ella en capacidad, como apoderada, para ejecutar los remedios solicitados. Asimismo, argumentó que no procedía la partición judicial de la herencia del señor Troche.

Durante el desarrollo del descubrimiento de prueba, el 3 de noviembre de 2025, la peticionaria presentó *"Urgente Aviso al Tribunal Demostrando con Hechos la Incapacidad del Peticionario para Acreditarse la Tutoría Legal de la Presunta Incapaz y Reiterando la Desestimación con Perjuicio de la Petición."* En apretada síntesis, solicitó la desestimación sumaria de las acciones instadas por el recurrido. Esto, bajo el fundamento de que el recurrido no es persona idónea para ejercer la tutela de la señora

Maldonado, puesto que ha ejecutado actuaciones inmorales e ilegales en contra de su madre.[1]

El 4 de noviembre de 2025, el foro primario notificó la *"Orden"* que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* el *"Urgente Aviso al Tribunal Demostrando con Hechos la Incapacidad del Peticionario para Acreditarse la Tutoría Legal de la Presunta Incapaz y Reiterando la Desestimación con Perjuicio de la Petición."*[2]

Oportunamente, el 9 de noviembre de 2025, la peticionaria compareció ante nos mediante la presentación de un recurso de *certiorari*. A través de este, esbozó el siguiente señalamiento de error:

> Erró el TPI al declarar NO Ha Lugar la Moción solicitando la Desestimación de la petición incoada por el Peticionario Recurrido [que] por no cumplir la Petición con los requisitos legales exige la ley. Err[ó] el Tribunal y abus[ó] de su discreción al declarar NO HA LUGAR la moción de desestimación y la otrora moción relacionada sin oposición a[sic] de la otra parte y, sin fundamento legal pertinente que valide lo ordenado, todo esto en un claro abuso de discreción que invita a esta Augusta Curia ha[sic] revisar lo rogado.

La peticionaria acompañó el referido recurso de *certiorari* con una *"Moción en Auxilio de Jurisdi[c]ción"* Por medio de esta, solicitó que se paralizaran los procesos que se ventilan ante el foro de primera instancia, incluyendo la vista sobre el estado de los procedimientos a celebrarse el día 13 de noviembre de 2025.

En atención de ello, el 10 de noviembre de 2025, emitimos una *"Resolución"* en la que declaramos *No Ha Lugar* la paralización peticionada. A su vez, le concedimos al recurrido el término reglamentario de diez (10) días para que presentara su oposición al recurso de *certiorari*.

---

[1] Previo a la presente solicitud de desestimación, la peticionaria presentó otras dos (2) solicitudes de desestimación. La primera es del 20 de junio de 2025 y se intitula *"Moción de Desestimación bajo las Reglas 10.2 (1) y (5) de Procedimiento Civil."* A través de esta, solicitó la referida desestimación al amparo de que el tribunal carece de jurisdicción sobre la materia y de que la *"Petición"* del recurrido no expone una reclamación que justifique la concesión de un remedio. La segunda data del 7 de octubre de 2025 y lleva el título de "*Urgente Aviso de Desestimaci[ó]n Estatutaria por Falta de Perfección de la Petición Conforme a Derecho y Otros Particulares."* Mediante esta, argumento que la petición de incapacidad incumple con los artículos 114 y 117 del Código Civil, 31 LPRA secs. 5635 y 5642.

[2] La peticionaria anejó a su solicitud la siguiente prueba documental: "Testamento Abierto" del 14 de junio del 2023; "Acuerdo del Residente;" "Poder Duradero" del 29 de junio de 2024; "Certificación de Defunción;" Estado Bancario; Documento del Cesco Digital; Determinación del Tribunal de Primera Instancia, Sala Superior de Guaynabo en el caso de designación alfanumérica: SJL212024-04417; Querella ante la Policía de Puerto Rico.

En cumplimiento de ello, el 20 de noviembre de 2025, el recurrido presentó *"Oposición a Expedición de Certiorari."*

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el marco jurídico aplicable al asunto en litigio.

**II.**

**A.    Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla

permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre

en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd*. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.  Sentencia Sumaria y los Requisitos de Forma:**

La sentencia sumaria es un mecanismo procesal cuya función es permitir a los tribunales disponer parcial o totalmente de litigios civiles en aquellas situaciones en las que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico*, Inc., 2025 TSPR 1; *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769, 784 (2016).

Así pues, se dictará sentencia sumaria cuando las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay u otra evidencia que obre en el expediente del tribunal, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente. 32 LPRA Ap. V, R. 36.3 (e); *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp.,* 2025 TSPR 6; *González Meléndez v. Municipio Autónomo de San Juan,* 212 DPR 601, 611-612 (2023). Así, el criterio rector al considerar la procedencia de un dictamen sumario es que no haya controversia sobre los hechos esenciales pertinentes, según alegados por las partes en sus respectivas solicitudes u oposiciones, y que solo reste aplicar el Derecho. *Rodríguez García v. UCA,* 200 DPR 929, 941 (2018). Esta determinación debe ser guiada por el principio de liberalidad a favor de la parte que se opone a que se dicte sentencia sumaria, para evitar la

privación del derecho de todo litigante a su día en corte. *Ramos Pérez v. Univisión*, 178 DPR 200, 216-217 (2010).

Al examinar la procedencia de una solicitud de sentencia sumaria, los tribunales deben guiarse por las disposiciones de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1-36.7. En lo aquí concerniente, la Regla 36.3 (a) de Procedimiento Civil 32 LPRA Ap. V, R. 36.3(a) lee en lo atiente como sigue:

> (a)   La moción de sentencia sumaria será notificada a la parte contraria y deberá contener lo siguiente:
>
>> (1) Una exposición breve de las alegaciones de las partes;
>> (2) los asuntos litigiosos o en controversia;
>> (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
>> (4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
>> (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
>> (6) el remedio que debe ser concedido.
>
> [...]

Por su parte, la Regla 36.3 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (d) establece lo siguiente:

> Toda relación de hechos expuesta en la moción de sentencia sumaria o en su contestación podrá considerarse admitida si se indican los párrafos o las páginas de las declaraciones juradas o de otra prueba admisible en evidencia donde ésta se establece, a menos que esté debidamente controvertida conforme lo dispone esta regla. El tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen. Tampoco tendrá la obligación de considerar cualquier parte de una declaración jurada o de otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos.

Además, el foro primario tiene la obligación de exponer los hechos materiales controvertidos y no controvertidos si deniega una moción de sentencia sumaria que haya sido presentada bajo las disposiciones de la Regla 36, *supra.* Véase, 32 LPRA Ap. V, R. 36.4.

De otra parte, es menester destacar las siguientes expresiones del Tribunal Supremo con relación a los requisitos de forma de una solicitud de sentencia sumaria:

> Vemos que según nuestro ordenamiento procesal civil, se les exige tanto a quien promueve como al opositor de una Moción de Sentencia Sumaria que cumplan con unos requisitos de forma específicos para que se pueda considerar su Solicitud. El incumplimiento con estos requisitos tiene repercusiones distintas para cada parte. Por un lado, si quien promueve la moción incumple con los requisitos de forma, **el tribunal no estará obligado a considerar su pedido.** *A contrario sensu*, si la parte opositora no cumple con los requisitos, el tribunal puede dictar Sentencia Sumaria a favor de la parte promovente, si procede en derecho. (Énfasis suplido). *Meléndez González et al v. M Cuebas*, 193 DPR 100, 111 (2015).

De otra parte, al igual que el Tribunal de Primera Instancia, este Tribunal de Apelaciones se rige por la Regla 36 de Procedimiento Civil, *supra* y su jurisprudencia al determinar si procede o no una sentencia sumaria. Ello quiere decir que debemos realizar una revisión *de novo* y examinar el expediente de la manera más favorable a la parte que se opuso a la moción de sentencia sumaria en el foro primario, haciendo todas las inferencias permisibles a su favor. *Acevedo Arocho v. Departamento de Hacienda de Puerto Rico,* 212 DPR 335, 353 (2023)*; Meléndez González et al v. M Cuebas*, supra, pág. 118. Nuestra evaluación está limitada a la consideración de la evidencia que las partes presentaron ante el foro de primera instancia. Debemos revisar que los escritos cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra.* Además, verificamos si en realidad existen hechos materiales en controversia. Finalmente, de encontrar que los hechos materiales realmente están incontrovertidos, revisamos si la primera instancia judicial aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra*, págs. 118-119.

**III.**

En esencia, la peticionaria sostiene que el foro primario incidió y abuso de su discreción al no desestimar el presente caso. De igual modo, asevera que dicho foro erró al no concederle un término a la otra parte para

que presentara una oposición a la solicitud de desestimación y al adjudicar la petición desestimatoria sin fundamento legal.

Por su parte, el recurrido alega que la *"Orden"* objeto de revisión es producto del ejercicio discrecional del foro primario, por lo cual no es meritorio que esta Curia intervenga en sus méritos.

Al evaluar los señalamientos de error levantados y el derecho aplicable, concluimos *expedir* el presente recurso y con ello *confirmar* la *"Orden"* recurrida.

Según expuesto, el 3 de noviembre de 2025 la peticionaria solicitó al foro primario que desestimara sumariamente el caso de epígrafe. A su juicio, el recurrido había realizado actuaciones ilegales e inmorales que le impiden solicitar la tutela de su madre. Como parte de la referida moción colocó un apartado intitulado *"Hechos irrefutables sobre el carácter del peticionario."* En dicho apartado esbozó lo que parece ser una exposición narrativa de hechos aducidamente incontrovertidos. Además, acompañó su solicitud de desestimación sumaria con ocho (8) documentos. Sin embargo, la referida petición incumple con los requisitos atinentes a las solicitudes de sentencia sumaria, según dispuestos en la Regla 36 de Procedimiento Civil, *supra.*

A tenor del expuesto marco doctrinal, los tribunales deben guiarse por los parámetros de la precitada regla al evaluar la procedencia de una solicitud de sentencia sumaria. Así pues, es meritorio revisar que el promovente de la solicitud cumpla con los requisitos de la Regla 36.3 (a), *supra.* Al examinar la solicitud de desestimación sumaria ante nos, surge que no cumple con varios de los requisitos del referido inciso. Carece de una exposición breve de las alegaciones de las partes; no contiene los asuntos en controversia; ni la reclamación específica por la cual se promueve la petición. Asimismo, la peticionaria se limitó a realizar una referencia general a los documentos que alegadamente establecen los hechos incontrovertidos propuestos por ella sin indicar específicamente los párrafos o las páginas que los establecen. De igual manera, no realizó una

exposición ni argumentación del derecho aplicable. Por consiguiente, incumplió crasamente con las exigencias de la aludida regla.

Es preciso señalar, que en nuestra tarea adjudicativa estamos llamados a realizar una revisión de *novo* de las solicitudes de sentencia sumaria. Esto incluye que debemos verificar que las solicitudes a esos efectos presentadas cumplan con la Regla 36, *supra*. Así pues, al igual que el foro primario este Tribunal está regido por los parámetros de la referida regla. Habiendo establecido el incumplimiento de la peticionaria con los requisitos atinentes a la Regla 36, *supra* y nuestra función ante este tipo de solicitudes, se hace necesario determinar que no existe una obligación jurídica de considerar la solicitud de la peticionaria.

Se ha establecido jurisprudencialmente, que existen repercusiones para la parte que incumpla con los requisitos de forma de la precitada regla. La repercusión ante el incumplimiento de quien promueve la solicitud es precisamente que "el tribunal no estará obligado a considerar su pedido." Véase, *Meléndez González et al v. M Cuebas*, supra, pág. 111.

Siendo así, el foro primario actuó correctamente al rechazar de plano la solicitud de desestimación sumaria, presentada por la peticionaria, toda vez que incumple con los requisitos formales de la Regla 36.3(a), supra. Nótese, que incluso para que el foro recurrido tenga el deber de realizar determinaciones de hechos controvertidos y no controvertidos, la solicitud de sentencia sumaria debe ser presentada de conformidad a las disposiciones de la Regla 36*, supra.* Véase, la Regla 36.4, *supra.*

## IV.

Por los fundamentos expuestos, *expedimos* a tenor de la Regla 40, *supra* y con ello *confirmamos* la *"Orden"* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones